**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **FRENKLYN PIGGIE** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Case No. 5:25cv19-JRG-JBB** |
| | § | |
| **WARDEN, FCI-TEXARKANA** | § | |
| **Respondent** | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Frenklyn Piggie, proceeding *pro se*, filed the above-styled and numbered petition for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the application of time credits to his sentence and purportedly seeking a "statutory interpretation." The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636.

Petitioner asserts that he received two consecutive sentences from the Western District of Missouri, these being 240 months for conspiracy to distribute cocaine and 60 months for possession of a firearm in furtherance of a drug trafficking crime. The firearms charge rendered Petitioner ineligible to receive time credits under the First Step Act; however, Petitioner argues he has already served that sentence in its entirety, rendering him now eligible to receive these time credits.

Respondent filed a motion for summary judgment, asserting that under 18 U.S.C. § 3584(c), multiple terms of imprisonment are treated for administrative purposes as a single aggregate term of imprisonment, including for purposes of calculating First Step Act time credits. Petitioner filed a reply contending that while the Bureau may be able to aggregate his sentences, it cannot aggregate his convictions. Thus, Petitioner claimed that because the firearms charge was separate from his cocaine conviction, he has served it in its entirety and it is now a "prior offense," so he should be eligible for First Step Act credits.

After review of the pleadings, the Magistrate Judge issued a Report and Recommendation on February 10, 2026, recommending that Respondent's motion for summary judgment (Docket No. 4) be granted and that the above petition for the writ of habeas corpus be dismissed with

1

prejudice. *See* Docket No. 7. The Magistrate Judge determined that the Bureau of Prisons was correctly aggregating Petitioner's consecutive sentences as a single aggregate sentence for administrative purposes.  Because this single aggregate sentence includes the firearms conviction, Petitioner is ineligible to receive First Step Act credits.  *See Martinez v. Rosalez*, civil action no. 1:22cv1297, 2023 U.S. Dist. LEXIS 63578, 2023 WL 2904579 (W.D. Tex. April 10, 2023), *Report adopted at* 2023 U.S. Dist. LEXIS 83519, 2023 WL 3441566 (W.D. Tex. May 12, 2023), *aff'd* slip op. no. 23-50406, 2024 U.S. App. LEXIS 914, 2024 WL 140438 (5th Cir. 2024); *Newsome v. Rivers*, civil action no. 3:23cv132, 2023 U.S. Dist. LEXIS 201676, 2023 WL 7390877 (N.D. Tex. October 13, 2023).

In his objections, Petitioner asserts that the Bureau of Prisons never gave official notice to the public or its inmates of the Bureau's intent to use a 1984 program statement regarding sentence computation for purposes of determining First Step Act eligibility, which he claims allowed the Bureau to circumvent Congress' statutory authority and intent. *See* Docket No. 11. Petitioner argues the Bureau of Prisons lacks authority to make statutory interpretations because the Supreme Court overruled "*Chevron* deference" in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 639 (2024), so agency interpretations of ambiguous statutes should not supplant judicial interpretations. According to Petitioner, "no statutory interpretation nor case authority for 'prior conviction' was provided by the Bureau of Prisons, the Government, or Magistrate Judge Baxter," and the Magistrate Judge's Report does not provide any explanation or interpretation concerning the precedents of prior convictions under the First Step Act; thus, Petitioner maintains the Magistrate Judge erred by treating his prior conviction as a sentence.

With regard to his first point, Petitioner argues the Bureau of Prisons is required to notify the public, as well as inmates, of any change or its re-issuance of a policy or program change concerning the First Step Act.  He contends that no such notification has been given, thus allowing the Bureau to use the outdated 1984 program statement to aggregate convictions under the First Step Act.  Without such notification, Petitioner claims the Bureau is "without authority to make statutory interpretation concerning prior conviction for First Step Act eligibility determination."

Second, Petitioner argues the Magistrate Judge and the Government did not provide any

statutory or case authority concerning prior convictions under the First Step Act. Petitioner contends the cases cited by the Magistrate Judge do not challenge whether or if Congress intended 18 U.S.C. § 924(c) to be an aggregate conviction; he states that he is not currently serving a sentence for his § 924(c) offense, making it a "prior offense." Because this conviction is now a "prior offense," Petitioner maintains that he is eligible for First Step Act credits.

According to Petitioner, the policies and statutes to which the Magistrate Judge referred do nothing more than allow the Bureau to "administratively determine sentences." He says that neither the First Step Act nor any statute mentioned allows the Bureau to determine eligibility for First Step Act purposes. He argues that a conviction under § 924(c) is a separate conviction and the Bureau cannot circumvent the statutory language allowing eligibility for § 924(c) offenses; had Congress meant for § 924(c) to be an aggregate conviction for purposes of the First Step Act, it could have said so. Petitioner again asserts that 18 U.S.C. § 3584(c) allows the Bureau to aggregate "sentences," not "convictions," and thus cannot aggregate the § 924(c) conviction for eligibility determinations.

**Discussion**

Petitioner's fundamental claim—that the Bureau of Prisons cannot aggregate his *convictions*, even while it can aggregate his *sentences*, and he has completed his § 924(c) conviction and should be eligible for First Step Act credits—is without merit. This same claim was presented to the United States District Court for the Northern District of Texas in *Huerta v. Cordova*, civil action no. 4:23cv677, 2023 U.S. Dist. LEXIS 221618, 2023 WL 8627542 (N.D. Tex. December 13, 2023). In that case, the petitioner Eduardo Huerta was serving consecutive sentences for possession of a firearm in connection with a drug trafficking crime and conspiracy to distribute methamphetamine. The court held that the firearm charge rendered him ineligible for First Step Act credits, explaining that his sentences had been administratively aggregated into one term of imprisonment, and if one of the convictions is precluded, the inmate cannot earn time credits on the entire aggregated sentence. In so holding, the court explained that aggregating sentences for administrative purposes included not only the computation of the sentence but also functions such as determining a "current offense" for early release eligibility under the First Step Act, 18 U.S.C. § 3621(e). The Northern District cited *Wold v. Federal Bureau of Prisons*, civil action no. 4:18cv4061, 2018 U.S. Dist.

3

LEXIS 173530, 2018 WL 4906273 (D.S.D. October 9, 2018), in explaining that the terms "serving a sentence of conviction" and "term of imprisonment" mean the same thing—an inmate has been convicted of a criminal offense, and a court has imposed a term of imprisonment as part of his sentence. *See also Lockhart v. Edge*, civil action no. EP-25-cv-305, 2026 U.S. Dist. LEXIS 50930, 2026 WL 700338 (W.D. Tex. March 11, 2026) (aggregated sentence precluded prisoner from obtaining First Step Act credits).

This holding is underscored by the Fifth Circuit's decision in *U.S. v. Benbrook*, 119 F.3d 338, 340 (5th Cir. 1997). In that case, the appellant was convicted of possession of phenylacetic acid and use of a firearm in relation to a drug trafficking offense. He received consecutive sentences of 46 months for the drug crime and 60 months for the firearm conviction. After the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), Benbrook filed a habeas petition arguing that the evidence was insufficient to support the "use" conviction. The Government agreed, but urged the court to re-sentence Benbrook on the drug conviction by applying a two-level enhancement to his offense level for possession of a dangerous weapon. The district court agreed and re-sentenced Benbrook to 57 months on the drug count. Benbrook then argued on appeal that the court had no jurisdiction to re-sentence him on the unchallenged underlying drug conviction.

The Fifth Circuit observed that when Benbrook was originally sentenced, the firearm conviction rendered the two-level enhancement unavailable. The Fifth Circuit added that when Benbrook challenged one of his convictions, he put the entire sentence at issue, allowing the district court to re-sentence him on the drug charges even though he had not challenged that specific conviction. The court explained as follows:

> Benbrook insists that he had a legitimate expectation of finality in his drug sentence, as he had completed the term of imprisonment originally allocated to that offense. Benbrook's argument, however, rests on the erroneous assumption that he received separate and distinct sentences for his drug and firearm convictions. To the contrary, he received one aggregate sentence for those interdependent offenses. When Benbrook attacked part of that aggregate sentence - his § 924(c) conviction, he necessarily attacked the whole. Thus, he could have had no legitimate expectation of finality in any portion of the original aggregate sentence.

*Benbrook*, 119 F.3d at 340.

4

More recently, in *Martinez v. Rosalez*, No. 23-50406, 2024 U.S. App. LEXIS 914, 2024 WL 140438 (5th Cir. Jan. 12, 2024), the petitioner Jaime Martinez was convicted of murder in Mexico and subsequently transferred to the United States under a treaty. The Bureau of Prisons determined that his conviction was most similar to the offense of first degree murder and set a sentence of 168 months. Martinez was subsequently convicted in the Southern District of Texas on unrelated drug and failure to appear charges, receiving consecutive sentences of 87 and 12 months. After 168 months had passed, Martinez sought habeas corpus relief, claiming that he had now served his murder conviction in its entirety and his remaining sentences were eligible for First Step Act time credits. The district court rejected this argument, concluding as follows:

> Thus, when determining a prisoner's eligibility under the First Step Act, the BOP must consider all of a prisoner's consecutive sentences. If a prisoner is serving multiple, consecutive sentences, and one such offense is among the FSA's enumerated disqualifying offenses, as is the case here, then the prisoner is ineligible to earn FSA time credits. *See, e.g., Goodman v. Sage*, No. 4:22-CV-00981, 2022 WL 18028148, at *3 (M.D. Pa. Dec. 30, 2022) (rejecting argument that consecutive sentences "should be treated in a bifurcated manner for FSA eligibility purposes" and concluding that petitioner was ineligible to receive FSA time credits because he was serving a concurrent sentence for a disqualifying offense "as part of his 'single, aggregate term of imprisonment' "); *Sok v. Eischen*, No. 22-CV-458, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022) ("The BOP's aggregation of Petitioner's sentences is not only a reasonable interpretation of § 3632(d)(4)(D), but said aggregation is, in fact, required").

*Martinez v. Rosalez*, No. 1:22-CV-1297-LY-DH, 2023 WL 2904579, at *4 (W.D. Tex. Apr. 10, 2023), *report and recommendation adopted*, No. 1:22-CV-01297, 2023 WL 3441566 (W.D. Tex. May 12, 2023), *aff'd*, No. 23-50406, 2024 WL 140438 (5th Cir. Jan. 12, 2024). In affirming the district court, the Fifth Circuit explained as follows:

> Here, Martinez's federal sentences were imposed while he was still serving his foreign sentence, and all those sentences were aggregated for administrative purposes. Because his two federal sentences were combined and imposed to run consecutively to his foreign sentence, he is currently still serving the single, aggregated sentence based on those multiple terms of imprisonment when viewed in the administrative context. *See id.* §§ 3584(c), 4105(c)(4).
>
> Even though the inmate data sheet does show that Martinez's current aggregated sentence consists of the terms of his federal sentences, it also lists his foreign sentence as one of his current obligations. This supports the district court's determination that Martinez was serving an aggregated sentence that included his foreign sentence. We agree with the district court that aggregation in the administrative context under §§ 3584(c) and 4105(c)(4) was proper for purposes of FSA time credits. *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, 1–2 (3d Cir. July 17, 2023) (affirming the denial of a § 2241 petition and

holding that the BOP properly determined that Teed was ineligible for FSA time credits because he was serving an aggregated sentence based in part on a disqualifying conviction for failing to register as a sex offender) (unpublished).

*Martinez*, 2024 WL 140438, at *3.

As in these cases, Petitioner is serving consecutive sentences which the Bureau of Prisons properly aggregated into a single sentence for administrative purposes. This single aggregated sentence includes his § 924(c) conviction and thus renders him ineligible for First Step Act credits. Petitioner's objection on this point is without merit.

Petitioner next contends that the Bureau of Prisons lacks authority to make statutory interpretations of ambiguous statutes under *Loper Bright*. As the Western District of Louisiana has explained, however, *Loper Bright* is inapplicable because the disqualifying offense was specified by Congress in the First Step Act and is not the result of the Bureau's interpretation of an ambiguous statute. *Fryman v. Warden, FCI-Oakdale*, civil action no. 2:25cv380, 2025 U.S. Dist. LEXIS 195112, 2025 WL 2808943 (W.D. La. August 21, 2025), *report and recommendation adopted*, 2025 U.S. Dist. LEXIS 192225, 2025 WL 2784266 (W.D. La. September 29, 2025). Likewise, the statute providing that multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregate term of imprisonment is not ambiguous and the treatment of Petitioner's sentences as a single aggregate term is not the result of the Bureau's interpretation of an ambiguous statute.

Petitioner also complains that the Bureau of Prisons is required to notify the public, as well as inmates, of any change or re-issuance of policy or program changes concerning the First Step Act, citing Program Statement 527.43. There is currently no Bureau of Prisons program statement numbered 527.43; all program statement numbers are four digits, beginning with 1001.14. *See* https://www.bop.gov/PublicInfo/execute/policysearch. Twenty-eight C.F.R. § 527.43 is entitled "Notification of Inmates," but this refers to foreign national inmates being notified about the international prisoner transfer program.

Instead, Petitioner appears to be referring to the notice-and-comment requirement of 5 U.S.C. § 553. The Southern District of Texas has explained as follows:

In enacting the Administrative Procedures Act, Congress made a judgment that

> notions of fairness and informed administrative decision-making require that agency decisions be made only after affording interested persons notice and an opportunity to comment. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979). To further that goal, the notice-and-comment provision of the APA requires that, subject to certain exceptions, administrative agencies must give '[g]eneral notice of proposed rule making' by publication in the Federal Register, unless persons subject to the proposed rule 'are named and either personally served or otherwise have actual notice thereof in accordance with law.' 5 U.S.C. § 553(b). After the requisite notice is given, the APA requires that the agency proposing the particular rule 'shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation. *Id.* at § 553(c).

*Palomino v. Federal Bureau of Prisons*, 408 F.Supp.2d 282, 291 (S.D.Tex. 2005).

To the extent that Petitioner asserts a claim under this provision of the Administrative Procedures Act, his claim lacks merit because he has not pointed to any agency rule or policy change to which the notice and comment requirement would apply. *See generally Handley v. Chapman*, 587 F.3d 273, 281-82 (5th Cir. 2009) (discussing APA claim against the Bureau of Prisons in the context of a policy change designating Section 922(g) violations as no longer "violent offenses," but "nonviolent offenses which were ineligible for early release incentives because of the nature of the pre-conviction conduct"). The fact that Petitioner's sentences were treated as a single aggregate sentence was due to statute, not an agency rule or policy. The passage of the First Step Act did not change this statute or its application; consecutive sentences, such as Petitioner's, were still aggregated and treated as a single sentence for administrative purposes. Petitioner has not shown a violation of the Administrative Procedures Act, and his objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and Petitioner's objections are without merit. It is accordingly

**ORDERED** that Respondent's motion for summary judgment (Docket No. 4) is **GRANTED** and the Report and Recommendation of the Magistrate Judge (Docket No. 7) is **ADOPTED** as the opinion of the District Court. It is further

ORDERED that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby **DENIED**.

So ORDERED and SIGNED this 24th day of March, 2026.

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE